JOSEPH P. ELLICOTT & others *vs.* ALLIANCE INSURANCE COMPANY.

**If** a ship and cargo are stranded, and at high water submerged, and abandoned to the underwriters, who decline to accept the abandonment, but raise the ship, take her to her port of destination, being the most convenient port for repairs, and deliver her cargo to the consignees, the cost of raising the ship and bringing her in is not a general average charge, and is to be computed in estimating a constructive total loss.

ACTION OF CONTRACT upon a policy of insurance upon a vessel which, while insured, and on a voyage from Baltimore to Boston, laden with a cargo of coal, went ashore upon Bearse's Shoal on Cape Cod. She was much injured and filled with water, and at high water her deck was three feet below the surface. The plaintiffs, as soon as they had notice of this, duly abandoned her to the defendants, who declined accepting the abandonment. The defendants sent their agent to the vessel, who succeeded in raising her and in saving such portions of the coal as had not been thrown over by the master in his attempts to save the vessel. The defendants brought the coal to Boston and delivered it to the consignees; and also towed the vessel to Boston, which was the most convenient port for repairs, and tendered her to the plaintiffs, who declined to receive her.

The case above stated was submitted to the decision of the court, with an agreement that if the expense of raising the vessel and bringing her to Boston was to be taken into the computation, there was a constructive total loss; and not otherwise.

*J. C. Dodge*, for the plaintiffs, cited *Sewall* v. *United States Ins. Co.* 11 Pick. 90; *Greely* v. *Tremont Ins. Co.* 9 Cush. 415; *Bradlie* v. *Maryland Ins. Co.* 12 Pet. 378; *Peele* v. *Merchants' Ins. Co.* 3 Mason, 27, 77; *Williams* v. *Suffolk Ins. Co.* 3 Sumner, 510; 2 Phil. Ins. § 1551; Abbott on Shipping, (7th ed.) 490.

*B. R. Curtis & A. H. Fiske*, for the defendants. The established doctrine is, that a general average loss cannot be added to a particular average or partial loss to make up a constructive total loss. *Orrok* v. *Commercial Ins. Co.* 21 Pick. 456. *Hall*

v. *Ocean Ins. Co.* 21 Pick. 472. *Reynolds* v. *Ocean Ins. Co.* 22 Pick. 191. *Greely* v. *Tremont Ins. Co.* 9 Cush. 415.

The expense of getting off the vessel and bringing her and her cargo to Boston, is a general average loss and not a particular average, and is not to be added to the expense of repairs in order to make out a constructive total loss. The vessel was merely ashore on a shoal. She was not a wreck — not abandoned as such. An abandonment not accepted merely substitutes the underwriter in place of the insured, and does not affect the nature of charges and expenses subsequently incurred. The sacrifices in this case were as voluntarily incurred as in *Giles* v. *Eagle Ins. Co.* 2 Met. 140; *Bedford Commercial Ins. Co.* v. *Parker*, 2 Pick. 1; and *Reynolds* v. *Ocean Ins. Co.* and *Greely* v. *Tremont Ins. Co.*, above cited.

Where a vessel is stranded during a voyage, and thereby the vessel, cargo and freight are exposed to a common peril, and expenses are voluntarily incurred to relieve the vessel, cargo and freight therefrom, with a view to complete the adventure in which they are engaged; and by one continuous operation all the subjects are relieved from the common peril, and the common adventure is completed by the arrival of the vessel and cargo at the port of destination, whereby freight is earned; the charges so incurred for the benefit of all interests are strictly and purely general average charges. *Moran* v. *Jones*, 7 El. & Bl. 523. *Bevan* v. *Bank of United States*, 4 Whart. 301. *Heyliger* v. *New York Firemen Ins. Co.* 11 Johns. 85. *Williams* v. *Suffolk Ins. Co.* 3 Sumner, 510.

In *Sewall* v. *United States Ins. Co.* 11 Pick. 90, the charge was a mere salvage charge; here the adventure was completed, the cargo delivered and freight earned. The distinction upon which *Sewall* v. *United States Ins. Co.* was decided is treated at ength in *The John Perkins*, 21 Law Reporter, 87.

This decision was made in June 1860.

HOAR, J. It has been frequently decided, and is to be considered as the settled doctrine of this court, that a general average loss is not to be added to a partial loss, to make up a constructive total loss. *Orrok* v. *Commercial Ins. Co.* 21 Pick.

456.　*Hall* v. *Ocean Ins. Co.* 21 Pick. 472.　*Sewall* v. *United States Ins. Co.* 11 Pick. 90.　*Reynolds* v. *Ocean Ins. Co.* 22 Pick. 191.　*Greely* v. *Tremont Ins. Co.* 9 Cush. 415.

The only question to be determined in this case is, therefore, whether the expenses of raising the vessel and taking her to Boston are to be considered as general average charges ; and we think they are not.　It was held in *Sewall* v. *United States Ins. Co.* that, when a vessel with her cargo was submerged, and deserted by her master and crew, and the question arose of the right of the owners to abandon for a constructive total loss, the true test was whether, " taking the vessel as she lies, she is worth getting up and bringing in to be repaired, and can this be done for half her value," and that " a sum paid for removing the vessel to a safe place, where she could be repaired, was not technically a general average."　The same doctrine was afterwards fully considered and reaffirmed in the case of *Greely* v. *Tremont Ins. Co.;* and has again been recognized and applied in the recent case of *Lincoln* v. *Hope Ins. Co.* 8 Gray, 22.

The policy gives the underwriters the right to labor for the preservation of the property at risk, without prejudice to their refusal to accept the abandonment.　It gives the same right to the owners, without affecting the validity of an abandonment previously made.　But in either case the fact of a total loss is to be decided by the condition of the property at the time to which the abandonment relates.　If, at that time, the vessel cannot be recovered and repaired at an expense not exceeding half her value, the right of abandonment exists, and the expenses incurred by the underwriters afterwards are for the purposes of salvage, and cannot affect the change of property which the abandonment creates.

*Judgment for the plaintiff for a constructive total loss.*